CHARLES G. FRANCKLYN AND ANOTHER, EXECUTOR, ETC., v. WILLIAM SPRAGUE AND OTHERS.

*Factor selling under del credere commission — rights of assignee or receiver of.*

Where a factor, acting under a *del credere* commission, fails, after having made advances to his consignor in the form of notes and acceptances, his receiver or assignee is entitled, as against the assignee and general creditors of the consignor, to retain in his hands the amounts arising from the sale of the goods, until such notes or acceptances are *surrendered* or destroyed.

APPEAL by the receiver and the plaintiffs in the above entitled action, from an order of the Special Term confirming the report of a referee.

In 1873, Birchall was a manufacturer of goods at Philadelphia. Hoyt, Spragues & Co. were commission merchants at New York. Birchall made an arrangement with Hoyt, Spragues & Co. to consign goods to them for sale on commission. Hoyt, Spragues & Co. guaranteed sales, and had the right to sell on credit. Birchall had the right to draw bills on Hoyt, Spragues & Co., to an amount of about two-thirds the value of the goods consigned.

On October 30, 1873, Hoyt, Spragues & Co. failed. There were then outstanding and unmatured eleven acceptances of Hoyt, Spragues & Co., for $5,000 each, drawn by Birchall and negotiated in the ordinary course of business. Some appear to have been discounted by banks and some purchased in the market. Hoyt, Spragues & Co., or the receiver of the firm, have collected, since their suspension, $22,784.19, principally on account of Birchall's goods sold before the suspension, upon terms of credit maturing thereafter.

On October 24, 1873, Birchall made an insolvent assignment, under the laws of Pennsylvania, for the benefit of his creditors, to Jones. Birchall and Jones both reside at Philadelphia.

In May, 1876, the holders of seven of these eleven drafts applied by petitions to this court, asking to have the receiver pay to them on account of their drafts the entire proceeds of Birchall's goods. A reference was ordered, testimony taken, and the matter summed up by counsel. Upon such summing up the counsel for the contestants raised the objection that Birchall, or his assignee, and the holders of the other four drafts ought to be parties to the proceedings. Thereupon, in November, 1876, the assignee and the holders of · the four remaining drafts applied by petition, being represented by the counsel of the original petitioners, and were made parties to the proceedings. The holders of the last four drafts had already proved their claim against H., S. & Co., as general creditors, and received a dividend of ten per cent thereon.

There are other creditors of Birchall, to a large amount, besides the holders of these eleven drafts.

The receiver made a settlement of accounts with the assignee of Birchall, by paying him a balance of $384.13. This was a balance of an account in which Birchall was charged with the face of the acceptances, $55,000.

The referee reported, upon these facts, that said sum collected as aforesaid, with interest at two and a-half per cent, amounting to $23,815.61, should be applied by the receiver, *pro rata*, upon said eleven drafts, to wit, $2,165.05 on each draft; the four petitioners who had already proved as general creditors reducing their proofs by that amount.

*George C. Holt*, for Julliand, receiver, appellant.

*Addison Brown*, for the petitioner, respondent.

GILBERT, J. :

That the proceeds of goods consigned to a factor for sale on a *del credere* commission, in whatever form they exist, continue to be the property of the consignor, so long as such proceeds can be traced and identified, has been repeatedly adjudicated in this court. If the factor has made advances in cash he has a right to retain enough of

such proceeds to reimburse him therefor. If he has made advances in the form of his notes or acceptances, which are outstanding, the proceeds may be retained until such notes or acceptances shall have been surrendered or destroyed. A receiver or assignee of a factor, who has become insolvent, merely succeeds to his rights, and is under the same obligation to restore to the consignor the proceeds of his goods, which are distinguishable, as the factor himself. These principles are manifestly just and equitable, and are well sustained by authority. (2 Kent Com., 623; Edw. on Fac., § 70, 71; 1 Am. Lead Cas., 480–490; *German Bank* v. *Edwards*, 53 N. Y., 544; *Hidden* v. *Waldo*, 55 id., 294.)

In this case the consignor has become insolvent, and his assignee now seeks, in conjunction with certain creditors, to have the proceeds of his goods, which have been kept distinct, applied to the payment of drafts drawn by the consignor upon the factors, which are in the hands of third persons. We think such a disposition of the proceeds in question ought to be made for the reasons assigned by the referee. Order affirmed.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.